# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO DAWON WOODLEY,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ANDRE MATEVOUSIAN, Warden,<br><br>　　　　　Respondent. | CASE NO. 1:15-CV-1002-LJO-SMS (HC)<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF GEORGIA, SAVANNAH DIVISION |

　　　　Petitioner is a federal prisoner with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. At the time of filing his petition, Petitioner was incarcerated at the U.S. Penitentiary, Atwater in Atwater, California. He is currently incarcerated at the U.S. Penitentiary, Hazelton, in Bruceton Mills, West Virginia. However, because Petitioner challenges the conviction in his petition, this case will be transferred to the district of conviction, the Southern District of Georgia, Savannah Division.

　　　　Venue in a habeas action is proper in either the district of confinement or the district of conviction. See 28 U.S.C. § 2241(d). Petitions challenging execution of sentence are preferably heard in the district where the inmate is confined. *See Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989). Petitions challenging conviction are preferably heard in the district of conviction. Habeas L. R. 2254-3(a) (b). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper court, may, on the court's own motion, be transferred to the

proper court.

Here, Petitioner alleges that he is being held in violation of the constitution based on a violation of the Speedy Trial Act, a violation of the prohibition against double jeopardy, the prosecution's failure to disclose relevant evidence prior to trial, and because he was convicted under a defective indictment. These alleged errors challenge his conviction. Petitioner was convicted by a jury in the Southern District of Georgia, Savannah Division. Hence, venue in the Southern District of Georgia is preferred, Savannah Division.

Therefore, it is hereby ORDERED that this action is transferred to the United States District Court for the Southern District of Georgia, Savannah Division.

IT IS SO ORDERED.

   Dated:   **November 18, 2015**              **/s/ Lawrence J. O'Neill**
                                               UNITED STATES DISTRICT JUDGE